## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

REPUBLICAN NATIONAL
COMMITTEE,

     Plaintiff,

     v.

UNITED STATES DEPARTMENT OF
STATE,

     Defendant.

_____

Case No. 1:16-CV-461 (ABJ)

## MOTION FOR SUMMARY JUDGMENT

Defendant hereby moves for summary judgment under Federal Rule of Civil Procedure

56.  The bases for this motion are explained in the accompanying memorandum.


Dated:  June 1, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney
General

CHANNING PHILLIPS
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch,
Civil Division

   /s/ Justin M. Sandberg
JUSTIN M. SANDBERG
(Ill. Bar No. 6278377)
Trial Attorney
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., NW, Rm. 7302
Washington, DC 20530

(202) 514-5838 phone
(202) 616-8202 fax
justin.sandberg@usdoj.gov

Attorneys for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

                                                          )
REPUBLICAN NATIONAL                                       )
COMMITTEE,                                                )
                                                          )
      Plaintiff,                                           )
                                                          )
      v.                                                   )     Case No. 1:16-CV-461 (ABJ)
                                                          )
UNITED STATES DEPARTMENT OF                               )
STATE,                                                    )
                                                          )
      Defendant.                                           )
_____                    )

## MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

      The Republican National Committee ("RNC") seeks years' worth of electronic messages from the United States Department of State ("State Department") through the Freedom of Information Act ("FOIA"). Specifically, the RNC's initial FOIA requests essentially sought every e-mail sent to or from former State Department employees Jacob Sullivan, Cheryl Mills, Patrick Kennedy, and Bryan Pagliano over a four year-period, as well as text and Blackberry Messenger (BBM) messages sent to or from former Secretary of State Hillary Clinton. Statement of Material Facts ("SMF") ¶¶ 2-6.[1]  Although some of these initial requests were subsequently narrowed, the resulting requests still implicate a huge volume of records. Indeed, the State Department need not comply with plaintiff's broad requests for e-mails related to

---

[1] There is ambiguity about whether the RNC has dropped its request for the Sullivan documents. The State Department will assume that the request, as modified once, is still live because the RNC intended to drop the request in its entirety only if the parties were able to reach an agreement on a production schedule.  If this assumption is incorrect, then the Court can simply ignore this brief's short discussions of the Sullivan request, which should not affect the Court's consideration of any other requests given that the burden of each request is discussed separately.

Sullivan, Mills, Kennedy, and Pagliano because searching for and reviewing the almost

1,000,000 pages of potentially responsive records would impose an unreasonable burden on the

agency.  With respect to the request for text and BBM messages sent to or from Secretary

Clinton, the State Department conducted a reasonable search and found no responsive records.

The State Department is entitled to summary judgment.

The FOIA was enacted to shed light on the activities of the federal government, but it

was not intended to "reduce government agencies to full-time investigators on behalf of

requesters." *Assassination Archives & Research Ctr., Inc. v. CIA*, 720 F.Supp. 217, 219

(D.D.C.1989).  Nor was it meant to reduce a federal agency to a collection of full-time document

reviewers.  *Am. Fed. of Gov't Empl. ("AFGE") v. U.S. Dep't of Commerce*, 907 F.2d 203, 208-

09 (D.C. Cir. 1990) (concluding that the agency need not comply with a FOIA request that

would "require the agency to locate, review, redact, and arrange for inspection a vast quantity of

material").  Accordingly, the D.C. Circuit has held that agencies need not comply with FOIA

search requests that would impose an unreasonable burden on the agency.  *Id.* at 209.

The RNC's request for years' worth of e-mails from Mills, Sullivan, Kennedy, and

Pagliano would impose just such an impermissible burden:  Compiling, reviewing, and redacting

documents responsive to these requests would take the State Department decades.  SMF ¶¶ 25,

32.  This burden is unreasonable.  *See, e.g., Int'l Counsel Bureau v. U.S. Dep't of Defense,* 723

F. Supp. 2d 54, 59 (D.D.C. 2010) (deciding that an agency need not conduct a search that would

require 12 persons working full time a year to finish); *Wolf v. CIA*, 569 F. Supp. 2d 1, 9 (D.D.C.

2008) (holding that the CIA need not search for records on microfilm because the search would

take approximately 3675 hours and cost about $147,000).  Thus, the State Department need not

"honor [these] request[s]."  *AFGE*, 907 F.2d at 209.  Freeing the State Department from this

burden will prevent it from having to process these requests for generations or draw resources from its core mission of conducting American diplomacy – and it will permit the Department to focus on scores of other more reasonable FOIA requests.  The State Department is entitled to summary judgment with respect to the claims related to the requests for the Sullivan, Mills, Kennedy, and Pagliano e-mails on burden grounds.

The State Department is also entitled to summary judgment with respect to the RNC's request for text or BBM messages sent to or by Secretary Clinton:  The Department conducted a reasonable search and located no records responsive to plaintiff's request.  SMF ¶¶ 33-35.

## **BACKGROUND**

Five FOIA requests for years' worth of electronic messages underlie this case. Specifically, the RNC submitted requests for:

- "Any and all e-mails sent to, or sent by, Cheryl Mills" from January 21, 2009 to October 31, 2013, SMF ¶ 2;
- "Any and all e-mails sent to, or sent by, Jacob Sullivan" from January 21, 2009 to February 1, 2013, SMF ¶ 3;
- "Any and all e-mails sent to, or sent by, Patrick Kennedy" from January 21, 2009 to February 1, 2013, and from Aug. 1, 2014 to the date that the request was received, SMF ¶ 4;
- "Any and all e-mails sent to, or sent by, Bryan Pagliano" from May 1, 2009 to February 1, 2013, SMF ¶ 5; and
- "Any and all text messages or Blackberry Messenger messages (BBMs) sent to, or sent by, [Secretary] Hillary Clinton" from May 1, 2009 to February 1, 2013, SMF ¶ 6.

The State Department, facing 22,000 pending FOIA requests at the end of fiscal year (FY) 2015, SMF ¶ 15 – a 300% increase in FOIA requests from fiscal year (FY) 2008 to FY 2015, *id.* – acknowledged the RNC's requests, SMF ¶ 7, but did not respond with a formal determination regarding plaintiff's request.  Accordingly, the RNC filed the complaint.

The State Department answered the complaint, ECF Dckt. No. 8, and entered into negotiations with the RNC about narrowing the requests related to Mills, Sullivan, Kennedy, and

Pagliano; the State Department's initial attempt to identify responsive records indicated that, if

unaltered, those requests would generate approximately 1,500,000 pages of potentially

responsive records, SMF ¶ 14.  It would take the State Department decades to process (*i.e.*,

review, redact, and, if necessary refer to other agencies for their review) that many pages of

records.  *Id.* ¶ 17.  The State Department informed the RNC that, owing to the large volume of

records, it considered the requests unreasonable and that, consequently, it would not gather and

process the potentially responsive documents.  *Id.* ¶ 18.

The RNC agreed to attempt to limit its requests somewhat by subject matter and/or date.

*Id.* ¶ 19.  It offered 90 search terms for one period of the Kennedy e-mails, 80 search terms for

another period of the Kennedy e-mails, and 43 search terms for the Sullivan e-mails.  *Id.* ¶¶ 20-

21.  With the respect to the Mills request, the RNC asked the Department to exclude some e-

mails by date, as well as some e-mails that were sent by Department e-mail addresses that send

news clips and operational alerts.  *Id.* ¶ 22.

Even after applying the search terms and date limits (to the extent possible given

technological limitations, *id.* ¶ 23), there remained approximately 450,000 pages of documents

that are potentially responsive to the Mills, Sullivan, and Kennedy requests.  To be more

specific, there are about 100,000 pages potentially responsive to the Mills request, 200,000 pages

potentially responsive to the Sullivan request, and 150,000 pages potentially responsive to the

Kennedy request.  *Id.* ¶ 24.  Moreover, the State Department considers the documents responsive

to these requests to be complex because they include classified documents and interagency

communications that could have to be referred to other agencies for their review.  *Id.* ¶ 16.

Given the Department's current FOIA workload and the complexity of these documents, it can

process about 500 pages a month, meaning it would take approximately 16-and-2/3 years to

complete the review of the Mills documents, 33-and-1/3 years to finish the review of the Sullivan

documents, and 25 years to wrap up the review of the Kennedy documents – or 75 years in total

(without considering the requests for the Pagliano records).  *Id.* ¶ 25.

The State Department again informed plaintiff that, given the volume of potentially

responsive records, it considered the revised Mills, Sullivan, and Kennedy requests unduly

burdensome and that, consequently, it would not gather or review records responsive to these

requests.  SMF ¶ 26.  Plaintiff provided the Department with new search terms and date

restrictions in an effort to limit its requests.  *Id.* ¶ 27.  It also dropped its request for e-mails sent

to or by Jake Sullivan in its entirety, though it claimed to do so "without prejudice."  *Id.*

With respect to Mills, plaintiff stated that the State Department could exclude any e-mails

sent to her by OpsNewsTicker@State.gov and OpsAlert@State.gov – the e-mail accounts that

send news clips and operational alerts.  *Id.* ¶ 29.  It also furnished the Department with three

different lists of search terms to apply to the search for Mills records.  *Id.*  The first list, to be

applied to records dated January 21, 2009 to March 18, 2009, contains five search terms.  *Id.*

The second list, to be applied to records dates from March 19, 2009 to January 11, 2010,

contains three search terms.  *Id.*  The third list, to be applied to records dated from January 12,

2010 to February 2, 2013, contains 58 search terms.  *Id.*  Plaintiff declined to alter the request

with respect to the period from February 3, 2013 to October 31, 2013.  *Id.*

With respect to Kennedy, plaintiff again provided two lists of search terms and also

stated that the Department could exclude any e-mails sent to Kennedy by

OpsNewsTicker@State.gov and OpsAlert@State.gov.  *Id.* ¶ 28.  The first list of search terms, to

be applied to records dated January 21, 2009 to February 1, 2013, contains 20 search terms.  *Id.*

The second list, to be applied to e-mails sent from August 1, 2014 to the date of the request, includes 13 search terms.  *Id.*

The State Department's analysis of the second revised request for e-mails sent by or to Kennedy and Mills indicated that there are at least 64,000 documents, totaling approximately 103,000 pages, that are potentially responsive to the second revised Mills request, and that there are at least 11,000 documents, totaling approximately 19,000 pages, that are potentially responsive to the second revised Kennedy request.  SMF ¶ 30.  It would take the Department over 17 years to process documents potentially responsive to the second revised Mills request, and over 3 years to process the documents potentially responsive to the second revised Kennedy request. *Id.* ¶ 32.

Plaintiff elected not to provide any search terms or date restrictions with respect to the request for e-mails sent by or to Pagliano.  *Id.* ¶ 31.  In a different context, the Department compiled the e-mail accounts of other individuals that may have been reasonably likely to have corresponded with, or about, Mr. Pagliano on certain specific topics.  *Id.* ¶ 13. The compilation of those e-mail accounts contains about 392,000 documents, or approximately 627,200 pages, that are potentially responsive to Plaintiff's request.  *Id.*  It would take the Department approximately 104 years to process the documents potentially responsive to the Pagliano request. *Id.* ¶ 32.

No responsive records were found in the search related to the RNC's request for Secretary Clinton's text and Blackberry Messenger messages.  *Id.* ¶ 34.  The Office of Information Resource Management within the Executive Secretariat is the office responsible for issuing Department electronic devices to officials within the Office of the Secretary.  *Id.* ¶ 35. That office does not believe that any Blackberry or other personal computing device was ever

issued by the Department to Secretary Clinton, and it has not located any such device at the

Department.  *Id.*  Moreover, none of the 53,988 pages of documents transferred from Secretary

Clinton to the State Department last year is a text or BBM message.  *Id.*  Thus, the Department

concluded that is not reasonably likely that the Department has the records sought by the RNC

with respect to Secretary Clinton.  *Id.*

## ARGUMENT

### I.   The Requests for the Mills, Sullivan, Kennedy, and Pagliano Documents, if Honored, Would Impose an Undue Burden on the Department.

 "An agency need not honor a request that requires an unreasonably burdensome search."

*AFGE*, 907 F.2d at 209.  The term "search" in the preceding quotation encompasses more than

just the act of locating records.  As the *AFGE* Court explained, the "search" in that case was

unreasonable because it would "require the agency to locate, *review, redact, and arrange for*

*inspection* a vast quantity of material."  *Id.* (emphasis added); *see also Vietnam Veterans of Am.*

*Connecticut Greater Hartford Chapter 120 v. Dep't of Homeland Sec.*, 8 F. Supp. 3d 188, 203-

04 (D. Conn. 2014) (concluding that a FOIA request was unreasonably burdensome because

reviewing and redacting records from 26,000 files would take 27 years); *Hainey v. U.S. Dep't of*

*Interior*, 925 F. Supp. 2d 34, 45 (D.D.C. 2013) (concluding that  a FOIA request was too

burdensome because it would require "a search of every email sent or received by 25 different

employees" as well as an "individual[ ] review of each potentially responsive email to confirm

its releasability").  In other words, burden is burden, and an agency need not comply with an

unreasonable request regardless of whether the majority of the burden falls at the front end, with

the location of the documents, or at the back end, with the review, redaction, or referral of the

records.  A court will rely on a declaration from the agency for an explanation of why a search

would be unduly burdensome, unless the declaration is vague or controverted by other record

evidence.  *People for the American Way Foundation v. U.S. Dep't of Justice*, 451 F. Supp. 2d 6, 12-13 (D.D.C. 2006).[2]

The declaration in this case establishes that the State Department need not honor plaintiff's requests for the Mills, Sullivan, Kennedy, and Pagliano e-mails because they each would impose an unreasonable burden on the agency.  Even as "narrowed," there are approximately 103,000 pages of documents potentially responsive to the Mills request, 200,000 pages of documents potentially responsive to the Sullivan request, 19,000 pages of documents potentially responsive to the Kennedy request, and 627,000 pages potentially responsive to the Pagliano request.  SMF ¶¶ 24, 30-31.  The high volume of pages is unsurprising:  The RNC's initial requests were striking in breadth – they sought years' worth of e-mails from three former, high-ranking State Department Officials and Pagliano – and plaintiff made little effort to narrow them.  For one thing, the RNC submitted no limitations for the Pagliano documents, 33 search terms for the Kennedy e-mails, 43 for the Sullivan e-mails, and three lists of search terms for a portion of the Mills e-mails, with the final portion limited only slightly by the exclusion of articles from the State Department e-mail accounts that pass along news clips and Department-wide alerts.  *Id.* ¶¶ 21, 28-29, 31.  Also, many of the search terms proposed by plaintiff were quite broad, such as "FOIA," "Inspector General," and "Management Issue."  *See id.* ¶ 27 (citing second list of search terms).

Given the Department's current FOIA workload, which is in FY 2015 was 300% higher than FY 2008, *id.* ¶15, and the complexity of the documents (*i.e.*, that they include classified and

---

[2] Importantly, the fact that a request is sufficiently specific to identify the records at issue does not eliminate the undue burden imposed by that request if it implicates a vast quantity of records: "While Requests 3A and 3B might identify the documents requested with sufficient precision to enable the agency to identify them-we do not think that is in dispute here-it is clear that these requests are so broad as to impose an unreasonable burden upon the agency." *AFGE*, 907 F.2d at 209.

interagency documents), *see id* ¶ 16, it would take the Department many years – 17 years for Mills-related documents, over 33 years for Sullivan-related documents, over 3 years for Kennedy-related documents, and about 104 years for Pagliano-related documents – to complete the processing of the documents potentially responsive to the RNC's requests.  *Id.* ¶¶ 25, 32.

The lengths of these processing times places each of the Mills, Sullivan, Kennedy, and Pagliano requests squarely in the realm of the FOIA requests that courts have deemed too burdensome to merit a response.  *See*, *e.g.*, *Vietnam Veterans of Am.*, 8 F. Supp. 3d at 203-04 (concluding that a FOIA request was unreasonably burdensome because reviewing and redacting records from 26,000 files would take 27 years); *Int'l Counsel Bureau*, 723 F. Supp. 2d at 59 (deciding that an agency need not conduct a search that would require 12 persons working full time a year to finish); *Wolf*, 569 F. Supp. 2d at 9 (holding that the CIA need not search for records on microfilm because the search would take approximately 3,675 hours); *People for the American Way Foundation*, 451 F. Supp. 2d at 13-14 (concluding that a search is unreasonable because it would require in excess of 25,000 hours to perform); *see also Ayuda v. FTC*, 70 F. Supp. 3d 247, 275-76 (D.D.C. 2014) (determining that an agency need not perform a manual review of electronic records that would take 8,000 hours to complete, but could instead redact entire fields of the records).  In other words, as these requests, would "require the agency to locate, review, redact, and arrange for inspection a vast quantity of material," the agency need "not honor" them.  *AFGE*, 907 F.2d at 209.  FOIA requests are not supposed to be labored over for generations.  Summary judgment is appropriate.

**II.  The State Department Is Entitled to Summary Judgment on the Claim Related to the Text and BBM Messages Sent to or by Secretary Clinton.**

An agency is entitled to summary judgment on a FOIA claim if it has conducted an adequate search and released any non-exempt records or portions of records that it has located as a result of the search.  *Campbell v. United States Dep't of Justice*, 133 F. Supp. 3d 58, 64 (D.D.C. 2015) ("To prevail on summary judgment, an agency must demonstrate that it conducted a search reasonably designed to uncover responsive documents, that any materials withheld fall into a FOIA statutory exemption, and that it disclosed all reasonably segregable, nonexempt material.").  Under the FOIA, a search is adequate if it is "reasonably calculated to uncover all relevant documents."  *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). Courts rely on the declarations furnished by the agencies when determining whether the agencies have discharged their statutory responsibilities, as long as the declarations are reasonably detailed, logical, and not controverted by evidence in the record or evidence of bad faith. *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

The State Department conducted an adequate search.  As explained by the declaration, the Office of Information Resource Management within the Executive Secretariat is the office responsible for issuing Department electronic devices to officials within the Office of the Secretary.  SMF ¶ 35.  That office is not aware of any Blackberry or other personal computing device issued by the Department to Secretary Clinton.  *Id.*  Nor are there any BBM or text messages among the documents turned over to the Department by Secretary Clinton in 2015.  *Id.* Thus, it is *not* reasonably likely that the Department has the records sought by the RNC – text or BBM messages sent to or by Secretary Clinton – in its files.  *Id.*  Accordingly, as the agency conducted an adequate search and there are no responsive records to release, summary judgment is warranted.  *See, e.g., Leal v. Dep't of Homeland Sec.*, 519 F. Supp. 2d 105, 109-10 (D.D.C.

2007) (granting summary judgment to DHS in a FOIA case because the agency conducted an

adequate search and no records were found).

## **CONCLUSION**

For the reasons stated above, the Court should enter summary judgment in favor of the

State Department.

Dated:  June 1, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney
General

CHANNING PHILLIPS
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch,
Civil Division

    /s/ Justin M. Sandberg
JUSTIN M. SANDBERG
(Ill. Bar No. 6278377)
Trial Attorney
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., NW, Rm. 7302
Washington, DC 20530
(202) 514-5838 phone
(202) 616-8202 fax
justin.sandberg@usdoj.gov

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                      )
REPUBLICAN NATIONAL                   )
COMMITTEE,                            )
                                      )
      Plaintiff,                     )
                                      )
      v.                             )     Case No. 1:16-CV-461 (ABJ)
                                      )
UNITED STATES DEPARTMENT OF           )
STATE,                                )
                                      )
      Defendant.                     )
_____)

## STATEMENT OF MATERIAL FACTS

1) Plaintiff Republican National Committee ("RNC") submitted five separate FOIA requests to the Defendant U.S. Department State ("State Department" or "Department") in five letters dated October 29, 2015.  Ex. 2-6.

2) One letter requests "[a]ny and all e-mails sent to, or sent by, Cheryl Mills" from January 21, 2009 to October 31, 2013.  Ex. 2.

3) A second letter requests "[a]ny and all e-mails sent to, or sent by, Jacob Sullivan" from January 21, 2009 to February 1, 2013.  Ex. 3.

4) A third letter requests "[a]ny and all e-mails sent to, or sent by, Patrick Kennedy" from January 21, 2009 to February 1, 2013 and from August 1, 2014 to the date the request was received.  Ex. 4.

5) A fourth letter requests "[a]ny and all e-mails sent to, or sent by, Bryan Pagliano" from May 1, 2009 to February 1, 2013.  Ex. 5.

6)   A fifth letter requests "[a]ny and all text messages or Blackberry Messenger messages (BBMs) sent to, or sent by, [Secretary] Hillary Clinton" from May 1, 2009 to February 1, 2013.  Ex. 6.

7)   The State Department acknowledged receipt of all five requests in five letters dated November 9, 2015.  Ex. 7.

8)   Plaintiff filed the complaint on March 9, 2016.  Compl., ECF Dckt. No. 1.

9)   The State Department filed its answer on April 8, 2016.  Answer, ECF Dckt No. 8.

10)   The State Department determined that approximately 73,000 documents are potentially responsive to Plaintiff's request for e-mails sent to or by Mills.  Ex. 1, Stein Decl., June 1, 2016, ¶ 9.

11)   The State Department determined approximately 326,000 documents are potentially responsive to Plaintiff's request for e-mails sent to or by Sullivan.  Ex. 1 ¶ 9.

12)   The State Department determined approximately 133,000 documents are potentially responsive to Plaintiff's request for e-mails sent to or by Kennedy.  Ex. 1 ¶ 9.

13)   The State Department does not have a single, unitary collection of e-mails sent and received by Mr. Pagliano for the relevant time period.  Ex. 1 ¶ 9.  In a different context, the Department compiled the e-mail accounts of other individuals that may have been reasonably likely to have corresponded with, or about, Mr. Pagliano on certain specific topics.  *Id.*  The compilation of those e-mail accounts contains approximately 392,000 documents, totaling about 627,200 pages, that are potentially responsive to Plaintiff's request.  *Id.*

14)   Based on industry-standard e-discovery metrics and its own knowledge of Department files and practices, the State Department estimated that the 924,000 potentially

2

responsive e-mails would equate to, approximately, 1.5 million pages.  This number likely underestimates the number of responsive pages because the Department was unable to tabulate or open attachments due to technological and human resource constraints.  Ex. 1 ¶¶ 8, 9, 9 n.1.

15) By the end of September 2015, the State Department had 22,000 pending FOIA requests.  Since that time, the Department has received approximately 8,500 new requests.  The Department received more than four times as many FOIA requests in fiscal year (FY) 2015 as in FY 2008, *i.e.*, the Department has seen a more than 300% increase.  The funds allocated for process FOIA requests have remained constant since FY 2013.  Ex. 1 ¶ 11.

16) The State Department considers the documents responsive to the Kennedy, Sullivan, and Mills requests to be complex because they include classified documents and inter-agency communications that may have to be referred to other agencies for their review.  Ex. 1 ¶ 12.

17) In light of the State Department's workload and the complexity of the documents, it would take the Department 250 years to process (*i.e.*, review, redact, and if necessary, refer for review) the documents potentially responsive to the Mills, Sullivan, Kennedy, and Pagliano requests.  Ex. 1 ¶ 12.

18) The State Department informed plaintiff that, given the volume of potentially responsive records, it considered the Mills, Sullivan, Kennedy, requests unduly burdensome and that, consequently, it would not gather or review records responsive to these requests.  *See* Mtn. for Extension, May 6, 2016, ECF Dckt. No. 14, at 1-2.  The

State Department later told plaintiff the same thing with regard to the Pagliano request. *See* E-mail from Sandberg to Kang, May 23, 2016, Ex. 12.

19) Plaintiff agreed to try to narrow its requests. It provided the State Department with lists of search terms for the Kennedy and Sullivan documents, requesting documents from the previously specified date ranges that include all, or part, of these search terms. Ex. 8-10.

20) With respect to the Kennedy request, plaintiff provided two separate lists of search terms. Ex. 8-9. The first list of search terms, to be applied to e-mails sent to or by Kennedy from January 21, 2009 to February 1, 2013, includes 90 search terms. Ex. 8. The second list, to be applied to e-mails sent from August 1, 2014 to the date of the request, includes 80 search terms. Ex. 9.

21) With respect to the Sullivan request, plaintiff supplied the State Department with a list including 43 search terms. Ex. 10.

22) With respect to the Mills request, plaintiff asked the State Department to: 1) exclude e-mails sent to or by Mills from January 21, 2009 to January 11, 2010, and 2) exclude e-mails sent from OpsNewsTicker@State.gov and OpsAlert@State.gov from the period January 12, 2010 to February 2, 2013. Ex. 11. It declined to alter the request with respect to the period from February 3, 2013 to October 31, 2013. *Id.*

23) There are technological limits on the State Department's ability to alter the scope of the requests as suggested by plaintiff. Ex. 1 ¶ 13.

24) Plaintiff's revised requests yielded 93,000 documents, totaling approximately 150,000 pages, potentially responsive to the Kennedy request, 120,000 documents, totaling approximately 200,000 pages, potentially responsive to the Sullivan request, and

66,000 documents, totaling over 100,000 pages, potentially responsive to the Mills request.  Ex. 1 ¶¶ 14-17.

25)   In light of the State Department's workload and the complexity of the documents, it would take the Department 25 years to process (*i.e.,* review, redact, and if necessary, refer for review) the documents potentially responsive to the Kennedy request, 33 1/3 years to process the documents potentially responsive to the Sullivan request, and 16 2/3 years to process the documents responsive to the Mills request.  Ex. 1 ¶¶ 14-17.

26)   The State Department informed plaintiff that, given the volume of potentially responsive records, it considered the revised Mills, Sullivan, and Kennedy requests unduly burdensome and that, consequently, it would not gather or review records responsive to these requests.  E-mail from Sandberg to Kang, May 18, 2016, Ex. 13.

27)   Plaintiff again provided the Department with search terms and date restrictions in an effort to limit its requests.  It also dropped its request for e-mails sent to or by Jake Sullivan in its entirety, though it claimed to do so "without prejudice."  Second List of Proposed Search Terms and Date Restrictions, Ex. 14; E-mail from Kang to Sandberg, May 23, 2016, Ex. 15 (describing dropping of Sullivan request as being "without prejudice").

28)   With respect to Kennedy, plaintiff again provided two lists of search terms and also stated that the Department could exclude any e-mails sent to Kennedy by OpsNewsTicker@State.gov and OpsAlert@State.gov.  Ex. 14.  The first list of search terms, to be applied to records dated January 21, 2009 to February 1, 2013, contains 20 search terms.  *Id.*  The second list, to be applied to e-mails sent from August 1, 2014 to the date of the request, includes 13 search terms.  *Id.*

29) With respect to Mills, plaintiff stated that the State Department could exclude any e-mails sent to her by OpsNewsTicker@State.gov and OpsAlert@State.gov.  Ex. 14.  It also furnished the Department with three different lists of search terms to apply to the search for Mills records.  *Id.*  The first list, to be applied to records dated January 21, 2009 to March 18, 2009 contains five search terms.  *Id.*  The second list, to be applied to records dates from March 19, 2009 to January 11, 2010 contains three search terms.  *Id.*  The third list, to be applied to records dated from January 12, 2010 to February 2, 2013 contains 58 search terms.  *Id.*  Plaintiff declined to alter the request with respect to the period from February 3, 2013 to October 31, 2013.  *Id.*

30) The State Department's analysis of the second revised request for e-mails sent by or to Kennedy and Mills indicated that there are at least 11,000 documents, totaling approximately 19,000 pages, that are potentially responsive to the second revised Kennedy request and at least 64,000 documents, totaling approximately 103,000 pages, that are potentially responsive to the second revised Mills request.  Ex. 1 ¶¶ 19-20.

31) Plaintiff elected not to provide any search terms or date restrictions with respect to the request for e-mails sent by or to Pagliano.  *See* Ex. 1 ¶ 22.  Thus, there remain about 392,000 documents, totaling about 627,200 pages, that are potentially responsive to the Pagliano request.  *Id.*

32) In light of the State Department's workload, the complexity of the documents, and the technological limits on limiting the search as plaintiff requested, it would take the Department over 3 years to process the documents potentially responsive to the Kennedy request, 17 years to process the documents responsive to the Mills request,

and 104 years to process the documents responsive to the Pagliano request.  Ex. 1 ¶¶ 19-20, 22.

33)  The State Department conducted a search for records responsive to plaintiff's request for text and BBM messages sent to or by Secretary Clinton for the period from May 1, 2009 to February 1, 2013.  Ex. 1 ¶ 23.

34)  The State Department located no records responsive to the request related to Secretary Clinton.  Ex. 1 ¶ 28.

35)  The Office of Information Resource Management within the Executive Secretariat is the office responsible for issuing Department electronic devices to officials within the Office of the Secretary.  Ex. 1 ¶ 28.  That office does not believe that any Blackberry or other personal computing device was every issued by the Department to Secretary Clinton, and it has not located any such device at the Department.  *Id.*  In addition, the 53,988 pages of documents transferred from Secretary Clinton to the State Department do not include any text of BBM messages.  *Id.* ¶ 29.  Thus, it is not reasonably likely that the Department has the records sought by the RNC with respect to Secretary Clinton.  *Id.* ¶ 28.

Dated:  June 1, 2016                              Respectfully submitted,

                                                  BENJAMIN C. MIZER
                                                  Principal Deputy Assistant Attorney
                                                  General

                                                  CHANNING PHILLIPS
                                                  United States Attorney

                                                  ELIZABETH J. SHAPIRO
                                                  Deputy Director, Federal Programs Branch,
                                                  Civil Division

    /s/ Justin M. Sandberg

JUSTIN M. SANDBERG
(Ill. Bar No. 6278377)
Trial Attorney
U.S. Dept. of Justice, Civil Division,
Federal Programs Branch
20 Mass. Ave., NW, Rm. 7302
Washington, DC 20530
(202) 514-5838 phone
(202) 616-8202 fax
justin.sandberg@usdoj.gov

Attorneys for Defendant